[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 18 
The only question presented in this case is, whether the justice's judgment under which the defendant claims title, had ceased to be a lien, before the sale by the sheriff under it.
The lien of a judgment in the common pleas ceases as against purchasers in good faith and subsequent incumbrances at the end of ten years from the time of docketing; but continues as against the defendant himself, until the stautory presumption of payment arises at the end of twenty years. By § 128 (2 R.S., 248), it is provided that a justice's judgment docketed by a county clerk "shall be a lien on the real estate of the defendant within the county, in the same manner and with the like effect as if such judgment had been in the court of common pleas." If this were the only provision bearing upon the question, there can be no doubt that the continuance of the lien of a justice's judgment would correspond in all respects with that of a judgment in the common pleas. The words, "in the same manner and with the like effect," are broad and comprehensive, and seem intended to place judgments in justices' courts when docketed upon the same footing in all respects, as to the lien created, with those of the common pleas. One of the effects of docketing a judgment of the latter court is, that it binds the lands of the defendant, as against purchasers, c., ten years from the time of *Page 20 
docketing. The length of the lien is as much one of the consequences of the docketing, as any other of its incidents; and the words "with the like effect," are entirely unqualified. It is difficult to see, therefore, how a justice's judgment can be said to be a lien with the like effect unless it continues a lien for the same time.
But it is claimed that the statute of limitation relating to justices' judgments, controls this provision, and limits the continuance of the lien to six years. That statute provides in substance that all actions upon justices' judgments, "shall be commenced within six years next after the cause of such action accrued." (2 R.S., 295, § 18.) Does this provision annihilate the lien at the end of six years?
The nature, effect and modus operandi of statutes of limitation, have given rise to much discussion in the courts, and to some conflict of opinion; but in respect to one distinction, there has been, I believe, a pretty general concurrence of sentiment. It is said that such statutes act upon the remedy
merely, and not upon the debt. This distinction is of long standing. In a note to Lynbury v. Wightman (5 Esp. R.), it is said that bankrupts and infants stand on different grounds in respect to debts from which they are discharged, from persons whose debts are barred by the statute of limitations, as that statute does not discharge the debt, but only takes away the remedy; and in the case of Sturges v. Crowninshield (4Wheat., 122), it was said by C.J. Marshall, that statutes of limitation are not within the well known prohibitory clause of the United States constitution, because they act upon theremedy merely, and do not impair the obligation of the contract.
It is unnecessary to refer to the numerous cases in our own courts in which this distinction has been recognized. It is virtually included in the doctrine universally received and acted upon, that where there is a new promise to pay a debt barred by the statute of limitations, it is not necessary to count upon this as a new contract; but the action *Page 21 
may be brought upon the original obligation. This practice can only be sustained upon the ground that the debt is not discharged, and that the operation of the statute upon the remedy being removed by the new promise the parties are left in statuquo. Hence it has been uniformly held in cases of discharge under a bankrupt or insolvent law, that the debt itself being discharged, the action must be specifically upon the newpromise. (Depuy v. Swart, 3 Wend., 135; Baker v.Wheaton, 5 Mass. R., 509.)
This distinction between a statute which discharges the debt, and one which acts upon the remedy only, was applied in the case of Carshore v. Huyck (6 Barb. S.C.R., 583), to an action brought upon a justice's judgment, which had been barred by the statute of limitations, and revived by a new promise, and an action of debt upon the judgment was sustained. If the distinction be well founded, as I think it clearly is, its application to this case was clearly right. The judgment remained unimpaired; and the new promise restored the remedy, which had been taken away by the statute. In the case of Van Keuren v.Parmelec (2 Coms., 523), Bronson, J., speaking on this subject, says: "I have not stopped to inquire whether the statute operates upon the debt or the remedy; for though this might be a point to be considered in a court of conscience, it is of no practica importance in a court of law." Although it may be true that in cases like that in regard to which the learned judge was speaking, the distinction was unimportant, yet it is evident that it becomes of great practical consequence, not only in cases involving the constitutional question already adverted to, and in regard to the form and nature of the remedy in case of a new promise; but also where as in this case the party has two
distinct remedies for the collection of his debt.
If statutes of limitation do not discharge the debt, but act exclusively upon the remedy; upon what principle of interpretation is it to be held that this statute, which is in *Page 22 terms confined to the remedy by action, operates to annihilate the remedy by execution? The statute is in derogation of a clear common law right. It does not operate according to the recent cases, by producing any presumption of payment, but is a mere statutory bar, founded in principles of public policy. It would be contrary, therefore, to all just rules of construction to extend its operation beyond the fair and reasonable interpretation of its language. The reasoning which has so fully established that statutes of this sort act upon the remedy only and not upon the debt, equally proves that the operation of the statute in question here, is confined to the particular remedy by action. Indeed the statute could only be held to reach and subvert the remedy by execution, by holding that the debt itself is discharged, or by interpolating language not expressly or by any fair implication contained in the statute.
It follows from these views that the lien of the justice's judgment was in force at the time of the sale by the sheriff under it; and if any irregularity occurred in the issuing of execution, this cannot be taken advantage of by a stranger in a collateral action. The judgment of the supreme court therefore was right and should be affirmed.
Judgment affirmed