ALICE A. DAVIDSON, EXECUTRIX, AND AMAZIAH S. McKAY, EXECUTOR, ETC., OF GEORGE W. DAVIDSON, RESPONDENTS, *v.* OLIVER A. HORN, APPELLANT,

*Filing of a justice's judgment with the county clerk — it does not become a judgment of the county court, if filed after an action on the justice's judgment is barred by the statute of limitations — Code of Civil Procedure, sec. 382, sub. 7; sec. 414, sub. 4; sec. 3017.*

Upon an appeal from an order of the county judge of Steuben county, appointing a receiver of the defendant's property in proceedings supplementary to the execution, it appeared that the judgment, under which the receiver was appointed, was recovered in a Justice's Court on July 15, 1879, and that a transcript thereof was filed and judgment docketed in the Steuben county clerk's office, on August 11, 1886.

*Held*, that, as the statute provides that upon the filing of the justice's judgment with the county clerk, it becomes a judgment of the county court, and as the word " action," as used in subdivision 7 of section 382 of the Code of Civil Procedure, prescribing the time within which an action must be brought upon a justice's judgment is, by subdivision 4 of section 414 of the said Code, to be " construed, when it is necessary so to do, as including a special proceeding, or any proceeding therein, or in an action," the question as to the right of defendant to avail himself of the defense of the statute of limitations, might be treated, for the purposes of this review, as if it were presented in an action upon the judgment, as such, of the county court.

That, as the right of the judgment debtor to avail himself of the statute of limitations as a bar, had become perfect before the transcript was filed with the clerk, he could not be divested of such right by the act of filing the transcript and docketing the judgment at the instance of the judgment creditor, inasmuch as the statute does not declare that it may be done after the time that such right has accrued to the judgment debtor.

*Rose* v. *Henry* (37 Hun, 397) not followed.

APPEAL from an order of the Steuben County Judge, appointing a receiver of the defendant's property in proceedings supplementary to execution.

A judgment was recovered in a Justice's Court July 15, 1879. A transcript thereof was ·filed and a judgment docketed in the Steuben county clerk's office August 11, 1886. Execution having been returned unsatisfied, this proceeding was taken. The defendant was examined, and plaintiff's motion for the appointment of a receiver was opposed and granted.

*H. W. Sanford,* for the appellant.

*James Durkin* and *D. M. Darrin,* for the respondents.

BRADLEY, J. :

The statute of limitations had furnished the defendant the right to bar a recovery upon the justice's judgment before the transcript was filed with the county clerk. (Code Civ. Pro., § 382, sub. 7.)

There is no express statutory limitation of the time within which such a transcript may be filed and judgment docketed, but it does provide that when that is done it becomes a judgment of the County Court. (Id., § 3017.) The policy of the statute, however, is to bar proceedings upon judgments of courts not of record after the expiration of ˙six years from the time of rendition. And so far as such limitation may be applied as a bar, it is wholly statutory, and upon the statute only such defense must rest. The statute of limitations does not have the effect to discharge the debt, but operates on the remedy merely. (*Waltermire* v. *Westover* (14 N. Y., 16.) And although the plaintiffs' right of action on the justice's judgment had become barred by the statute at the time the transcript was filed, so that the defendant may have defeated a recovery upon it, that situation did not deny to the plaintiffs the right to proceed in the manner adopted, and to make the judgment thus docketed effectual as that of the County Court, unless the statute furnishes to the defendant the means of relief. The section first above mentioned, by its terms, relates to actions only. But the word "action," as there used, is by a subsequent provision of the statute "construed, when it is necessary so to do, as including a special proceeding, or any proceeding therein or in an action." (Code Civ. Pro., § 414, sub. 4.) The question may, therefore, be treated for the purposes of this review, as if it were presented in an action upon the judgment, as such, of the County Court. This is a special proceeding, taken upon the assumption that the plaintiff had such a judgment

for its support. And the inquiry goes back to the act of filing the transcript and making the docket entry, to ascertain whether that was effectual to remove the limitation bar which before then existed as against the justice's judgment, because, if it did have such effect, the defendant's objection was not well taken.

The filing of the transcript and docketing the judgment was a proceeding taken *ex parte* to charge the defendant and his property without his consent. While the statute does not limit the time within which such a transcript may be filed and the judgment docketed by the clerk, it does not by its terms nor by necessary implication provide that it may be done after the expiration of six years from the time of the rendition of the judgment of the justice. The right of the judgment debtor, to avail himself of the statute of limitations as a bar, became perfect before the transcript was filed with the clerk. And that right was a vested one which could not be defeated even by subsequent legislation. (*Ryder* v. *Wilson's Ex'rs*, 41 N. J. L. R., 9; *Girdner* v. *Stephens*, 1 Heisk., 280; 2 Am. R., 700; *Yancy* v. *Yancy*, 5 Heisk., 353; 13 Am. R., 5; *Bradford* v. *Shine, adm'r*, 13 Fla., 393; 7 Am. R., 239; *Rockport* v. *Walden*, 54 N. H., 167; 20 Am. R., 131; *Shriver* v. *Shriver*, 86 N. Y., 580, 581.) And it is difficult to see how the defendant could be divested of such right by the act of filing the transcript and docketing the judgment at the instance of the judgment creditor, inasmuch as the statute does not declare that it may be done after the time such right has accrued to the judgment debtor. In view of the provision of section 414, before referred to, of the Code no reason appears why such bar may not be effectually asserted in any proceeding taken upon the judgment so docketed, in which the judgment debtor has an opportunity to appear and be heard. This view does not seem to have been considered in *Rose* v. *Henry* (37 Hun, 397). And because that case was treated by the plaintiffs as authority for causing the judgment to be docketed and for the proceeding taken, and is not followed on this review they should not be charged with costs.

The order appealed from should be reversed.

BARKER, P. J., and HAIGHT, J., concurred.

Order reversed, without costs.