PHILIP DIEFFENBACH, Respondent, *v.* JACOB ROCH, Appellant.

112    621
e 75 AD¹286

Although, under the Code of Civil Procedure (§ 3017), upon the docketing of a justice's judgment in the county clerk's office, it becomes a statutory judgment of the County Court, it is not a judgment "rendered" in that court, but remains "a judgment rendered in a court not of record," within the meaning of the provision of said Code (§ 382), declaring that an action upon such a judgment must be commenced within six years after a "final judgment was rendered."

An action to compel a set-off of such a judgment against a judgment of a court of record is an action upon the judgment, within the meaning of said provision, and so is not maintainable after the lapse of six years from the time it was rendered.

(Argued February 1, 1889; decided March 5, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 18, 1885, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Edward P. Wilder* for appellant. This action was barred by the statute of limitations. (Code of Civil Pro. § 382, subd. 7; 2 R. S. 295, § 18, subd. 2; Bliss Code, notes to § 382.) The judgment in question was "rendered" by a justice of the peace, notwithstanding that it was subsequently docketed in the County Court. (Code, § 382, subd. 7; *Lester* v. *Redmond*, 6 Hill, 590; *Conger* v. *Vandewater*, 1 Abb. Pr. [N. S.] 126.) The effect of docketing a justice's judgment is simply to make it a lien upon real estate, and to extend its enforceability by execution alike with judgments of the County Court. It has no effect on the remedy by action. (Code Civil Pro. § 71; *Tompkins* v. *Frisselle*, 12 Hun, 662; *Sagendorph* v. *Schult*, 41 Barb. 102; *Stone* v. *Miller*, 62 id. 430; *Bloom* v. *Burdick*, 1 Hill, 130; *Sperry* v. *Reynolds*, 65 N. Y. 179; *Agar* v. *Tibbetts*, 46 Hun, 52; *Waltermire* v. *Westover*, 14 N. Y. 16; *Rose* v. *Henry*, 37 Hun, 397; *Davison* v. *Horne*, 27 Week. Dig. 558; *Martin* v. *Mayor, etc.*, 11 Abb. Pr. 295; 20 How. Pr. 86; 12 Abb. Pr. 243; *Dickinson* v. *Smith*, 25 Barb. 103; *Kincaid* v. *Richardson*, 25 Hun, 237; *Andrews* v. *Long*, 79 N. Y. 573; *Ilch* v. *Karker*, 11 Week. Dig. 193; *Ferguson* v. *Fitch*, 24 Hun, 137; Code, §§ 1377, 1378; Potter's Dwarris on Stat. 189; *Slocum* v. *Stoddard*, 20 Week. Dig. 506.)

*Ira Leo Bamberger* for respondent. Plaintiff's judgment is not barred by the statute of limitations. On filing the transcript, the judgment became a judgment of the County Court (Code of Civ. Pro. § 3017.) and section 376 became applicable thereto. (*Lyon* v. *Manley*, 10 Abb. Pr. 337, 339; *Baldwin* v. *Roberts*, 30 Hun, 163, 165; *Kincaid* v. *Richardson*, 9 Abb.

N. C. 315, 318; *Spencer* v. *Wait*, 22 Week. Dig. 214; 2 How. [U. S.] 117; *Gray* v. *Lieben*, 8 Civ. Pro. Rep. 48; *Bergman* v. *Noble*, 12 id. 266; *Belgard* v. *McLaughlin*, 44 Hun, 457; *McIntyre* v. *Allen*, 43 id. 126.)

EARL, J.    Early in February, 1885, the plaintiff held against the defendant a judgment for $221.79, recovered in a Justice's Court on the 27th day of May, 1875; and later in the same month the defendant recovered a judgment against the plaintiff, in the Supreme Court, for $913.09.    A transcript of plaintiff's judgment was filed in the office of the clerk of the county of Kings on the 2d day of June, 1875, and the judgment was docketed in that office on that day. The plaintiff commenced this action on the 28th day of February, 1885, to procure an adjudication that his judgment be set off against that of the defendant, and that the defendant be required to receive from him the balance of his judgment and to satisfy and discharge the same.    The defendant alleged in his answer, among other things, that the plaintiff's judgment was barred by the six-years statute of limitations; and the sole question we deem it important now to consider is whether the plaintiff's judgment, notwithstanding the filing of the transcript and the docketing in the office of the county clerk, was barred in six years from the rendition thereof in the Justice's Court.    The contention of the plaintiff is that it became a judgment of the County Court to all intents and purposes, and that, therefore, the limitation claimed by the defendant was not applicable.

It was provided in the Revised Statutes that a transcript of a justice's judgment for above $25, exclusive of costs, could be filed and the judgment docketed in the clerk's office of the county, and that the judgment from and after the filing and docketing by the clerk " shall be a lien on the real estate of the defendant within the county in the same manner and with like effect as if such judgment had been rendered in the Court of Common Pleas; and may in the same manner be discharged and canceled."    (2 R. S. 247, §§ 127, 128.)    And it was also

provided that all actions on judgments rendered in any court, not being a court of record, should be commenced within six years next after the cause of action accrued. (2 R. S. 295, § 18.) By section 63 of the Code of Procedure, it was provided that where a judgment was recovered in a Justice's Court for any amount a transcript thereof could be filed and the same could be docketed in the county clerk's office, and that from that time " the judgment shall be a judgment of the County Court," but that no such judgment " for a sum less than $25, exclusive of costs, shall be a lien on or enforced against real property." In section 90 it was provided that an action upon a judgment or decree of any court of the United States, or any state or territory within the United States, should be commenced within twenty years.

Thus it is seen that some change was made by the Code in the provision of the prior law. It was no longer requisite that the justice's judgment should be for $25 before a transcript could be filed and the judgment docketed ; and the six-years limitation was abrogated, and the twenty-years limitation was made applicable to all judgments whether of courts of record or not.

Section 3017 of the Code of Civil Procedure provides that a transcript of any judgment rendered in a Justice's Court for any amount may be filed in the county clerk's office, and that " thenceforth the judgment is deemed a judgment of the County Court of that county, and must be enforced accordingly ; except that an execution can be issued thereupon only by the county clerk, as prescribed in section 3043 of this act, and that the judgment is not a lien upon and cannot be enforced against real property unless it is for $25 or more, exclusive of costs ; " and by section 382 of the Code of Civil Procedure, it is provided, as it was in the Revised Statutes, that an action upon a judgment or decree rendered in a court not of record shall be commenced within six years, and that the cause of action in such a case is deemed to have accrued "when final judgment was rendered."

To sustain the contention of the plaintiff, it must be held

that his judgment was *rendered*, within the meaning of the statute, in the County Court when it was docketed there. Such a meaning of the word "rendered" is certainly not according to the common understanding. Ordinarily no one would understand that a judgment which had been recovered in a Justice's Court, and subsequently docketed in the County Court, was in any sense *rendered* in the County Court; and there is no countenance for such a meaning to be found in any statute. The word "rendered," as applied to judgments, is many times used in the Code and other statutes, and always in the sense of judgments given by judicial action. Judgments by default are no exception, as they are supposed to be rendered in the presence of the court, and by its authority and direction. Section 3017 has this language : " A justice of the peace who *renders* a judgment except in an action to recover a chattel, must, upon the application of the party in whose favor the judgment was *rendered*, and payment of the fee therefor, deliver to him a transcript of the judgment. The county clerk of the county in which the judgment was *rendered* must, upon the presentation of the transcript and payment of the fees therefor, indorse thereupon the date of its receipt, file it in his office, and docket the judgment, as of the time of the receipt of the transcript." In section 382, prescribing the limitation for commencing an action upon a judgment not of a court of record, the language is, that except in a decree heretofore *rendered* in a Surrogate's Court, " the cause of action in such a case is deemed to have accrued when final judgment was *rendered*."

In the Revised Statutes providing for the limitation of actions upon judgments in any court not a court of record, the judgments are spoken of as judgments *rendered* in any court not a court of record ; and in the same statutes, in reference to procuring and filing transcripts and docketing judgments of Justices' Courts, it is provided that, on the demand of any person in whose favor the justice shall have *rendered* a judgment, if above twenty-five dollars, the justice shall deliver a

transcript of the same, and such a judgment, after it is docketed, shall be a lien upon real estate as if the judgment "had been *rendered* in the Court of Common Pleas." By chapter 470 of the Laws of 1847, section 29, it was provided that transcripts of judgments "*rendered* in this state, or any court of the United States, duly certified by the clerk of such court, may be filed and docketed in the same manner as judgments *rendered* in the Supreme Court of this state." There the word "rendered" has plain reference to the original judgment, and clearly under that statute the docketing of such a judgment in the county clerk's office was not the rendition of the judgment in the Supreme Court. The word "rendered" has the same meaning in section 1913 of the present Code, where provision is made in reference to actions upon judgments *rendered* in courts of record. After a justice's judgment has been docketed in the county clerk's office, it becomes a mere statutory judgment of the County Court. It is not, in fact, a judgment of that court. There has been no judicial action there, and no judgment has been, in fact, entered or rendered. It is simply to be *deemed* a judgment of that court. Such a judgment has not been twice rendered, once in the Justice's Court and once in the County Court; and as it may be docketed in all the counties of the state, it certainly cannot be deemed to have been rendered in every county where it has been docketed.

Therefore, plaintiff's judgment is a statutory judgment of the County Court, but it was not rendered there. It was rendered in a Justice's Court, and, therefore, an action upon it is barred within six years from the time of its rendition by the express language of section 382 of the Code. By this construction full force is given to all the language contained in subdivision 7 of that section and in section 3017, and what is believed to have been the intention of the law makers is given effect. If the six-years limitation does not apply to such a judgment as this, then there is no limitation to an action upon such a judgment, as section 376 of the Code, providing that judgments shall be presumed to be paid and satisfied after the

expiration of twenty years, applies only to judgments *rendered* in courts of record.    And, then, too, subdivision 7 of section 382 could be practically nullified in all cases, as the judgments of justices' and other courts, not of record, could, even after the lapse of six years from their rendition, be docketed in the county clerk's office; and if they are to be regarded as judg- ments then rendered in a court of record, there would be no statutory bar to an action upon them for twenty years more, and thus the judgments rendered in courts not of record would, as to the laspse of time, have a better position in the law than judgments rendered in actions commenced in courts of record, a result certainly not within the contemplation of the law makers.

It cannot be doubted that this is an action upon plaintiff's judgment.    It is, in a certain sense, an action to enforce the judgment against the defendant by compelling him to allow the same in satisfaction *pro tanto* of his judgment.    The judgment is the sole basis of the action, and in a real sense the action is to recover thereon.

We are, therefore, of opinion that the judgments of the General and Special Terms should be reversed and a new trial granted, costs to abide event.

All concur.

Judgments reversed.