HERRMAN *et al. v.* STALP.

(*Common Pleas of New York City and County, General Term.* June 3, 1889.)

1. EXECUTION—ISSUANCE—ORDER OF COURT.
   Code Civil Proc. N. Y. § 1377, provides that, after five years from entry of judgment, execution cannot be issued thereon, without an order of court, unless an execution has been issued within said five years; and section 3024 contains different provisions as to executions issued by courts not of record. These sections are substantially the same as section 284 and section 64 of the former Code. Said section 1377 is by section 3347, subd. 10, limited to executions issued by courts of record after September 1, 1877. *Held,* that an execution issued by a New York city district court upon a judgment afterwards made a judgment of the court of common pleas does not, without an order of court, authorize the issuance of an execution from the latter court after the lapse of more than five years.

2. SAME—LIMITATION.
   Section 3220, which provides that a judgment of a New York city district court shall be deemed a judgment of the court of common pleas upon transcript being filed in the county clerk's office, does not authorize the issuance of an execution on such a judgment even by order of court, after the judgment, as originally rendered, is barred by the statute of limitations.

Appeal from special term.

Action by John Herrman and Julius Herrman against Theodore Stalp. Plaintiffs appeal from an order denying leave to issue an execution. Code.

Civil Proc. N. Y. § 1377, provides that, after five years from entry of judgment, execution cannot be issued thereon without an order of court, unless an execution has been issued within said five years, and returned unsatisfied, wholly or in part.

Argued before ALLEN and BOOKSTAVER, JJ.

*James Kearney,* for appellants.    *William G. McCrea,* for respondent.

BOOKSTAVER, J.    On the 21st July, 1873, the appellants recovered a judgment against the respondent in a district court for $112.65.    On the same day they issued an execution on that judgment out of the district court to one of the city marshals, which was duly returned to that court wholly unsatisfied, on the 15th August, 1873.    On the 20th of the same month a transcript of the judgment was duly filed, and the judgment duly docketed in the county clerk's office; whereupon, under section 3220 of the Code of Civil Procedure, "it is deemed to be a judgment of this court."    No execution was issued on the judgment after it was so docketed.    On these facts, and others not necessary now to state, the appellants in December, 1888, asked leave of this court to issue execution, which was denied, on the ground that leave was not necessary, as an execution had been issued within five years after the entry of the judgment.    In this conclusion we cannot concur.    While section 1377 of the Code of Civil Procedure seems on its face to provide for the issuing of all executions, whether based on judgments rendered in courts of record or courts not of record, yet section 3347, subd. 10. says chapter 13 of the Code, of which section 1377 is a part, applies only to executions issued out of courts of record after the 1st day of September, 1877.    Executions issued before that time must therefore be governed by the old Code, but section 1377 is a re-enactment of a part of section 284 of the former Code, and both Codes contain other and entirely separate provisions, governing the issuing of executions out of the justices' courts.    They are substantially the same in both, and will be found in section 64 of the old Code, and in section 3024 of the present Code.    These provisions were made applicable to district court executions by section 68 of the old Code, and by section 1403 of the consolidation act of 1882.    As section 1377 is expressly said to refer to executions issued out of courts of record only, and as both Codes made separate provisions for executions issued out of courts not of record, we think section 284 of the old Code, as well as section 1377 of the present, was intended to regulate the issuing of executions in courts of record only; and that an execution issued out of a district court to a marshal, before a transcript filed, would not, under either Code, authorize the issuing of an execution out of this court after transcript filed, if more than five years had elapsed, without leave of the court.

But there is another, and we think conclusive, reason why the leave asked for should not have been granted.    It was long a moot question whether, when a transcript of a judgment rendered in a court not of record was docketed in the county clerk's office, it became a judgment of the county court, or, if in this county, of this court, and the remedy by execution ran for 20 years; or whether it was to be deemed a judgment of the county court, or of this court, for the purposes of enforcement merely, still bearing the impress and characteristics of its origin, and the remedy by execution ran for 60 days only.    As far as it is now necessary for us to consider the question, it first arose in *Waltermire* v. *Westover*, 14 N. Y. 16, and in that case SELDEN, J., delivering the opinion of the court, distinctly held that statutes of limitation did not discharge the debt, but acted exclusively upon the remedy; that the statute limiting the commencement of actions on judgments rendered in justices' courts to six years was directed to the remedy by action only, and did not operate to extinguish the remedy by execution.    When this decision was rendered, however, 2 Rev. St. § 128, p. 248, was still in force, and that section provided that a justice's judgment docketed by a county clerk "shall be a lien on

the real estate of the defendant within the county, in the same manner and with the like effect as if such judgment had been in the court of common pleas." This has since been repealed, and sections 3017 and 3220 of the Code of Civil Procedure substituted therefor. The question came up again since the adoption of the present Code, in the supreme court, Fourth department, in *Kincaid* v. *Richardson*, 25 Hun, 237; and the general term reaffirmed the doctrine announced in *Waltermire* v. *Westover*, *supra*, and held that the remedy by execution was not affected by the statute of limitations relating to actions. Several judges of this court at special term have applied the law in the same way, two of which decisions have found their way in print: *Otten* v. *Boeling*, 4 M. Law Bull. 63, and *Herder* v. *Collyer*.[1] In *Baldwin* v. *Roberts*, 30 Hun, 163, the supreme court, Third department, held that the filing of the transcript of a justice's judgment in the county clerk's office made it a judgment of the county court, and the same was held in *Lyon* v. *Manly*, 10 Abb. Pr. 337. The legal conclusion from the last two cases cited is that the remedy by execution ran as long under such circumstances as if the judgment had been originally obtained in the county court. The change of the law above referred to after the decision in *Waltermire* v. *Westover* seems to have been overlooked in all of these cases. But the question came up again in a somewhat different form in *Dieffenbach* v. *Roch*, in the supreme court, Second department, in which action the plaintiff held a judgment against the defendant, recovered in a justice's court in May, 1875, a transcript of which was filed in the Kings county clerk's office in June, 1875. The defendant held a judgment against the plaintiff recovered in the supreme court for a larger amount. Within 10 years from the recovery of his judgment by the plaintiff, and on February 28, 1885, he commenced the action under consideration, to have his judgment set off against the defendants, and to compel the latter to receive from him the balance due on his judgment, and thereupon to satisfy the same. The supreme court, at special term, granted the relief asked for, and this judgment was affirmed on appeal by the general term. 39 Hun, 657, *mem.* From this judgment an appeal was taken to the court of appeals, where both judgments were reversed. The court, in a well-considered and cogent opinion, (20 N. E. Rep. 560,) holds that after a justice's judgment has been docketed in the county clerk's office it becomes a mere statutory judgment of the county court, and that it is not in fact a judgment of that court, that it could not be an offset against a valid existing judgment, and that no action could be maintained on it after six years from its rendition. It is true that this case does not in terms decide that the remedy by execution is also barred, but we think this necessarily follows from the conclusion there reached. No one will contend that, had no transcript been filed, an execution could have been issued on the justice's judgment, even though wholly unsatisfied, after it ceased to have vitality by lapse of time. If the filing of a transcript does not make it a judgment of the county court, then such a judgment can have no vitality anywhere after six years. It would be anomalous to allow a judgment to be enforced by execution after the party had lost all right to maintain an action on it for any purpose, and after he had lost the right to even offset it against another judgment held by his antagonist against him. Such a judgment is practically dead, and we do not think a live execution can issue on a dead judgment. Again, if the remedy by execution is not barred with the judgment, then there is no limitation of time provided by law within which it may be exercised. We therefore think it is barred after six years. The order appealed from must be affirmed, with costs.

[1] See ante, 513.