GREEN *v.* HAUSER.

*(Superior Court of Buffalo, General Term.*   April 23, 1890.)

1. LIMITATION OF ACTIONS—SUPPLEMENTARY PROCEEDINGS.
   Supplementary proceedings are not "an action on a judgment," within Code Civil Proc. N. Y. § 382, subd. 7, providing that an action on a judgment rendered in a court not of record must be commenced within six years.

2. SAME—PLEADING STATUTE—ACTION ON JUDGMENT.
   Code Civil Proc. N. Y. § 382, subd. 7, provides that an action on a judgment rendered in a court not of record must be commenced within six years. Section 376 provides that judgments of courts of record are "presumed to be paid and satisfied after the expiration of 20 years." Section 413 provides that "the objection that the action was not commenced within the time limited can be taken only by answer." *Held,* that the defense of limitation in an action on a justice's judgment must be set up in the answer.

Appeal from municipal court.

Action by Manly C. Green, as receiver of John Hauser, against Anna Hauser. There was judgment for defendant, and plaintiff appeals.

Argued before BECKWITH, C. J., and TITUS, J.

*Fitch & Braunlein,* for appellant.   *H. B. Van Poyma,* for respondent.

TITUS, J.   The question in this case arises in an action commenced by Manly C. Green, as receiver of the property of John Hauser, against Anna Hauser, for the conversion of certain personal property. It appears that Frank C. Bolt recovered a judgment against John Hauser in a justice's court, for $61.26 damages and $1.45 costs, on the 31st day of March, 1880. On the same day a transcript of the judgment was filed and docketed in the office of the clerk of the county of Erie, where the judgment debtor resided; and an execution issued to the sheriff of Erie county, and returned wholly unsatisfied. On April 6, 1887, proceedings were taken in the county court, on the judgment, which resulted in the appointment of the plaintiff, receiver of the property of John Hauser, the judgment debtor. An action was then commenced by the plaintiff in the municipal court of Buffalo against the defendant, and is brought into this court by appeal from a judgment in favor of the defendant, for costs. The plaintiff gave the proper undertaking entitling him to a new trial, which came on at a trial term held November 20, 1889. The answer in the court below was a general denial, only. On the trial in this court the defend-

[1] Johnson v. Signal Co., ante, 655.

ant moved to dismiss the plaintiff's complaint on the ground that the complaint failed to state a cause of action, for the reason that more than six years had elapsed since the judgment was recovered upon which proceedings were instituted for the appointment of a receiver, and that the county judge had no authority to appoint a receiver after the lapse of six years from the recovery of the judgment. The court granted the defendant's motion to dismiss the plaintiff's complaint. The plaintiff now claims that the court erred in dismissing the complaint; that he was entitled to prosecute his remedy to enforce the judgment; and that the statute of limitations (section 382 of the Code of Civil Procedure) does not apply to proceedings instituted to enforce a judgment.

There is some conflict in the decisions of the courts in this state upon this question; and, until it is settled by the court of appeals, uniformity of decision is not to be expected. It was provided by the Revised Statutes that when a judgment rendered by a justice of the peace was for $25, exclusive of costs, the justice must give to the party in whose favor the judgment was a transcript of such judgment, which, when filed and docketed in the office of the clerk of the county, became a lien "on the real estate of the defendant within the county in the same manner and with the like effect as if such judgment had been rendered in the court of common pleas." 2 Rev. St. pp. 247, 248, §§ 127, 128. It was further provided that an action on a judgment "rendered in any court not being a court of record" should be commenced within six years. 2 Rev. St. 296. In *Waltermire* v. *Westover*, 14 N. Y. 16, in an action arising under these provisions of the Revised Statutes, it was held that the six-years limitation did not destroy the statutory lien of a judgment rendered in a justice court, and that the sale of real property by the sheriff on an execution issued on a judgment more than seven years after such judgment was rendered was valid, and effectual to pass title to the purchaser; Judge SELDON, in the opinion of the court, holding that the statute did not discharge the debt, but acts exclusively upon the remedy, the learned judge saying: "It would be contrary, therefore, to all just rules of construction, to extend its operation beyond a fair and reasonable interpretation of its language. The reasoning which has so fully established that statutes of this sort act upon the remedy only, and not upon the debt, equally proves that the operation of the statute in question here is confined to the particular remedy by action." This continued to be the law until the adoption of the Code of Procedure. By section 63 of that Code, it was provided, from the time of filing the transcript of a justice's judgment, "the judgment shall be a judgment of the county court; * * * but no such judgment for a less sum than $25 exclusive of costs, hereafter docketed, shall be a lien upon, or enforced against, real property." By section 90, it was provided that an action could be commenced "upon a judgment or decree of any court of the United States, or of any state or territory within the United States, within twenty years," and was a lien upon real property for 10 years, (section 282,) thus abrogating the six-years limitation of the Revised Statutes, and placing a judgment of a justice of the peace, so far as the remedy of enforcing it is concerned, upon the same footing as a judgment of a court of record. *Dieffenbach* v. *Roch*, 112 N. Y. 621, 20 N. E. Rep. 560. Section 3017 of the Code of Civil Procedure provides that on the filing of a justice's judgment "the judgment is deemed a judgment of the county court of that county, and must be enforced accordingly," but "is not a lien upon, and cannot be enforced against, real property, unless it is for $25 or more, exclusive of costs." By section 382, subd. 7, it is provided that an action upon a judgment rendered in a court not of record must be commenced within six years. These provisions of the Code of Civil Procedure have materially changed the law in respect to a judgment of a justice court, and restored the provision of the Revised Statutes. It is settled beyond question by the court of appeals, in *Dieffenbach* v. *Roch*, *supra*, that no action can be main-

tained upon a judgment of the justice court after the lapse of six years; but I do not think that section 382 has any application to proceedings instituted supplementary to execution to enforce the judgment. Such a proceeding is not an "action upon a judgment."

Proceedings in courts are by the Code divided into two general classes,— actions and special proceedings; and an action is defined to be "an ordinary prosecution in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Section 3333. "Every other prosecution by a party for either of the purposes specified in the last section is a special proceeding." Section 3334. And by section 2433 these proceedings are declared to be special proceedings. Even if the language of the Code is to be literally construed, this proceeding is not an "action upon a judgment," and consequently not within the provisions of subdivision 7 of section 382, declaring that an action upon a judgment rendered in a court not of record must be commenced within six years, while section 414 declares that the word "action," contained in this chapter, is to be construed, when it is necessary so to do, as including a special proceeding. I do not think it is to be construed as a limitation applicable to this proceeding, in view of the language contained in the first subdivision of this section, that it does not apply to "an action where a different limitation is specially prescribed by law." This view is strengthened by an examination of section 2458 of the Code. To entitle a party to institute this proceeding, an execution must have issued out of a court of record to the sheriff of the county where the transcript is filed; and, if it is a judgment of a justice court, on filing the transcript thereof with the county clerk it is to be "deemed a judgment of the county court, and enforced accordingly." The execution issued by the clerk on such a judgment is an execution issued out of a court of record to enforce the judgment. This is the practice followed in cases arising on judgments from justice courts, and, if it is not an execution issued out of a court of record, no proceeding supplementary to execution on justice's judgment can be instituted; and that, I believe, is not claimed. It was so held by the general term of the supreme court in *Rose* v. *Henry*, 37 Hun, 397. In that case the plaintiff obtained judgment in a justice court against the defendant in October, 1877, and filed a transcript in the county clerk's office in March, 1885, more than six years after the rendition of the judgment, and moved the county court for leave to issue an execution. Justice DYKMAN, in delivering the opinion of the court, says that the statute of limitations operates only on the remedy by action; that the judgment is neither extinguished nor dead; that even a civil action could have been maintained upon it, if the statute of limitations had not been interposed as a defense; that the six-years statute of limitations has no application, and cannot be invoked to defeat a statutory remedy by execution. Section 3017, which relates to transcripts of justices' judgments, provide that such a judgment "is deemed a judgment of the county court, and must be enforced accordingly," obviously intending to provide that such a judgment should be enforced in like manner as judgments of courts of record. An action upon a judgment is not necessarily a proceeding to enforce the judgment, but may be for the purpose of renewing it, and continuing it in force. It seems to me that this language necessarily refers to the steps to be taken by execution, and proceedings supplementary thereto.

Another reason why this section has no application to proceedings to enforce a judgment is that section 2435 expressly provides that this proceeding may be instituted at any time within 10 years after the return of the execution against the property wholly or partly unsatisfied, as prescribed in section 2458, providing a limitation, applicable to these proceedings, independent and distinct from that prescribed in section 382. Chapter 4, in which section 382 is found, is general, and relates, in terms, to classes of actions to which it

is applicable, and recognizes, as is seen by section 412 of the same chapter, the fact that different limitations are specially prescribed by law to which that chapter has no application. In construing and determining the effect of the different provisions of the Code with respect to each other, they are deemed to have been enacted simultaneously, (section 3355;) and, when a separate limitation for the commencement of a proceeding is provided for by a chapter devoted to that proceeding, it seems to me quite conclusive that the legislature did not intend that the limitation prescribed by section 382 should be applicable to proceedings where the limitation was specially prescribed.

There is another reason why the trial court should not have granted the motion to dismiss the plaintiff's complaint, if the defendant's contention is to be upheld. The answer is a general denial only, and the statute of limitations cannot be raised without pleading it. Section 413 provides that "the objection that the action was not commenced within the time limited can be taken only by answer." It has always been the rule that the statute of limitations was not an extinguishment or discharge of the debt, but affected the remedy only. The debt continued; and, if a party desired to avail himself of the statute in an action on a debt, he must set it up in his pleadings. *Brazill* v. *Isham,* 12 N. Y. 9; *Waltermire* v. *Westover, supra; Rose* v. *Henry,* 37 Hun, 397. The section simply provides that no action shall be commenced after six years. It does not declare that the judgment is presumed to be paid and satisfied, as it does (section 376) of judgments rendered in a court of record. This class of judgments are declared by section 376 presumed to be paid and satisfied after the expiration of twenty years. This presumption is conclusive. And, in a proceeding based upon such a judgment after the lapse of 20 years, no plea of the statute of limitations would be necessary, unless it be to comply with section 378; and the question could be raised by demurrer, because it appears on the face of the complaint that, from the lapse of time, the judgment is by law presumed to be paid, and no action could be maintained upon the facts stated. Under the section relating to justice court judgments, no such presumption arises; and, if a party intends to take the benefit of the statute of limitations, he must interpose the statute in his answer.

The defendant relies upon a number of recent decisions to sustain his view of the law. The case of *Dieffenbach* v. *Roch, supra,* I do not think is in point, and does not decide the question here involved. In that case the plaintiff commenced an action to have his judgment of $221.79, obtained in a justice court, set off against defendant's judgment rendered in a court of record, and that the defendant be required to receive from him the balance of his judgment, and satisfy and discharge the same. The court of appeals held that such a judgment is not a judgment of a court of record; that it is rendered in a justice court, and that an action cannot be maintained on such a judgment after the lapse of six years; that it is a mere statutory judgment of the county court; and that section 376 applies only to judgments rendered in courts of record. In *Davidson* v. *Horn,* 47 Hun, 51, the question arose on a motion for the appointment of a receiver, where a transcript had been filed and judgment docketed more than six years after the rendition of a judgment in a justice court. The general term held that the statute of limitations was a vested right, and, as the statute had run before the filing of the transcript, the plaintiff could not be divested of such a right, and it could be asserted when the first opportunity presented, and that proceedings to enforce the judgment could not be maintained. The attention of the court, in this case, does not seem to have been called to the language of section 2435 of the Code of Civil Procedure, providing for a different limitation; and the effect of that section is not considered. The case of *Rose* v. *Henry,* however, is of equal authority, and more in accord with the fair interpretation of the Code as to these proceedings, and should be followed. *Herrman* v. *Stalp,* 6 N. Y. Supp. 514, is relied upon as sustaining the defendant's position. The question before the

court in that case was whether an execution could be issued on a judgment rendered in the district court of New York city after the lapse of six years; and the court, on the authority of *Dieffenbach* v. *Roch,* held that a judgment had no vitality after six years, and was practically dead, and that a live execution could not issue on a dead judgment. With all due respect to the learned court, it seems to me that, in assuming that the case of *Dieffenbach* v. *Roch* was an authority on, or decisive of, the question, proper attention was not given to the effect of the statute of limitations provided for by the section of the Code authorizing such proceedings. The statute of limitations does not extinguish or discharge the judgment, and, at most, can have such effect only as the statute declares,—a bar to the plaintiff's remedy by action on the judgment,—which is quite a different proceeding from the remedy provided for enforcing the judgment. The right of a party to enforce collection of his judgment should not be interfered with by the court unless, from the plain wording of the statute, such right is taken away. *Waltermire* v. *Westover, supra.*

As I read section 2435 of the Code, the right to pursue his remedy by execution or supplementary proceedings extends for ten years, and he is only barred if he attempts to renew his judgment for another period of six years by action. If these views are correct, they lead to a reversal of the judgment.

BECKWITH, C. J., concurs in the result.