## THEODORE TOWNSEND, Respondent, v. THOMAS TOLHURST, Appellant.

*Limitation of the time, for the issuing of an execution on the judgment of a Justice's Court, docketed in the county clerk's office — right to appeal to the Supreme Court from an order authorizing it.*

On an application made December 7, 1889, to the County Court for leave to issue an execution on a judgment rendered by a justice of the peace, May 23, 1878, a transcript of which was filed and docketed in the county clerk's office on the 23d day of November, 1878, it was contended that the judgment was barred after the lapse of six years from the time of its rendition.

*Held,* that the issuing of an execution on such a judgment was not barred by the six years' statute of limitations.

*Quære,* whether an order of the County Court granting leave to issue an execution is appealable to the General Term of the Supreme Court, where the judgment was originally recovered in a Justice's Court and a transcript thereof was filed and judgment was docketed thereon in the clerk's office of the county.

Appeal by the defendant Thomas Tolhurst from an order made by the County Court of Niagara county, on the 7th day of December, 1889, granting leave to the plaintiff to issue an execution upon a judgment recovered in the above-entitled action.

*Charles Hickey,* for the appellant.

*Henry M. Davis,* for the respondent.

MACOMBER, J.:

The affidavit upon which the order of the county judge was granted shows, without contradiction, that a money judgment was recovered by the plaintiff against the defendant in the court of a justice of the peace on the 23d day of May, 1878, and that on the twenty-third day of November of that year a transcript thereof was filed with the county clerk of Niagara county and the judgment duly docketed; that no execution had been issued upon such judgment and that no part of the judgment had been paid, and that more than five years had elapsed since the docketing of such judgment. These allegations clearly bring the moving party within the provisions of section 1377 of the Code of Civil Procedure which permits an execution to be issued upon application to the court and upon due notice, provided that the judgment so docketed in the county clerk's office had, at the time of the granting of the motion, a valid existence.

It is contended by counsel for the appellant that the order was erroneous, inasmuch as an action upon a justice's judgment is barred after the lapse of six years from the time of its rendition under subdivision 7 of section 382 of the Code of Civil Procedure. This proposition, however, was distinctly repudiated in the case of *Waltermire* v. *Westover* (14 N. Y., 16) where it was held that the statute of limitations, as it existed under the Revised Statutes (2 R. S., 295, § 18), which is now embodied in the subdivision of section 382 already noted, did not extinguish or destroy the lien created by the judgment as docketed in the county clerk's office. The obligation of the defendant to pay a debt was not obliterated by lapse of time, for the statute acts only on the remedy and not upon the obligation to pay. (*Johnson* v. *Albany and Susquehanna R. R. Co.*, 54 N. Y., 424.)

There is nothing in the case of *Davidson* v. *Horn* (47 Hun, 51) which controverts the foregoing proposition, for in the last-named case the statute of limitations had run against the justice's judgment before the transcript thereof had been filed in the county clerk's office, while in the case before us six months only had elapsed between the rendering of the judgment by the justice of the peace and the record of the same in the county clerk's office.

Much reliance has been placed in this appeal upon the case of *Dieffenbach* v. *Roch* (112 N. Y., 621); but that decision is simply to the effect that a judgment of a justice of the peace, docketed in the county clerk's office, is not a judgment "rendered" in the County Court, but remains "a judgment rendered in a court not of record" within the meaning of the provision of subdivision 7 of section 382 of the Code of Civil Procedure, declaring that an action upon such a judgment must be commenced within six years after the final judgment was rendered. That case did not undertake to and did not, in fact, impair in the slightest degree the decision of the same court in *Waltermire* v. *Westover*, already referred to.

Under these provisions of the Code and these authorities, the order of the County Court was properly made.

This conclusion renders it unnecessary to consider the question whether or not the order so made is appealable to this court. It was held in *Kincaid* v. *Richardson* (25 Hun, 237), that no appeal lies to the General Term from an order of the County Court granting leave to issue an execution upon a judgment recovered in a Justice's Court where a transcript thereof was filed and judgment thereon docketed in the clerk's office of the county. The conclusion of this court in that case finds corroboration in the decision in *Dieffenbach* v. *Roch* (*supra*). Section 1342 of the Code of Civil Procedure seems to limit the review by this court of orders of the County Court, affecting a substantial right, to those cases where the action is brought in or is taken by appeal to that court. This case does not come within that class. But we prefer to rest our decision on the proposition first discussed above.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., and CORLETT, J., concurred.

Order of the County Court affirmed, with ten dollars costs and disbursements.