### In re GATES' ESTATE.

### In re MATTESON.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

EXECUTION AGAINST DECEDENT'S ESTATE—ISSUANCE.

    Code Civil Proc. § 1380, provides that where a judgment has been made a lien for 10 years, under section 1251, and the debtor dies, no leave shall be given to issue execution thereon until 3 years after the grant of administration, and "for that purpose such a lien existing at decedent's death continues 3 years and 6 months thereafter, notwithstanding the previous expiration of the 10 years." *Held* to allow the issue of execution at any time within 3 years and 6 months after the grant of administration, regardless of the 10 years. 18 N. Y. Supp. 873, affirmed.

Appeal from surrogate's court, Chautauqua county.

Petition by James Matteson for leave to issue execution on a judgment against the real property of Ira L. Gates, deceased. There was a decree entered March 9, 1892, directing the issue of such an execution, (18 N. Y. Supp. 873,) from which Hiram Putnam, the holder of a mortgage on the property, appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Norman M. Allen, for appellant, Hiram Putnam, mortgagee.

G. H. Frost, for respondent, James Matteson, petitioner.

MACOMBER, J. The petitioner, James Matteson, recovered a judgment against Ira L. Gates, now deceased, in a court of a justice of peace in Chautauqua county on the 25th day of June, 1878, for the sum of $184.54. This judgment was duly docketed in the clerk's office of that county on the 3d day of July, 1878, and hence became a judgment of the county court of that county. At this time, Ira L. Gates, the judgment debtor, was the owner in fee of the real estate described in the petition. He afterwards, however, mortgaged the same to the appellant, Hiram Putnam, in the sum of $1,000, and, after the delivery of such mortgage, conveyed the real estate to his son, Alvin Gates. Ira L. Gates died on the 30th day of December, 1884, intestate, leaving no personal property out of which to pay this judgment or other debts owing by him at the time of his decease, or upon which to administer. An administrator of his estate was duly appointed by the surrogate on the 13th day of September, 1888. The petitioner presented his petition for leave to issue execution December 7, 1891, and an order was made accordingly, from which this appeal is taken. It is conceded that no part of the judgment has ever been collected or paid, and that no execution was ever issued thereon, except as one may have been issued in pursuance of the decree of the surrogate and the concurrent order of the county court of the same county. This judgment bound the real estate of the judgment debtor for the period of 10 years, in pursuance of section 1251, Code Civil Proc. Townsend v. Tolhurst, (Sup.) 10 N. Y. Supp. 378, and cases there cited. But upwards of 10 years had elapsed before application was made for the issuing of the execution, and hence it is argued for the appellant that the lien of the judgment

had ceased, and that consequently the right of the mortgagee, Mr. Putnam, had become paramount to that of the judgment creditor.　But we think that section 1380, Code Civil Proc., was intended to and does meet the precise case here presented.[1]　Among other things, it says:

"Where the lien of the judgment was created as prescribed in section 1251 of this act, neither the order nor the decree can be made until the expiration of three years after letters testamentary or letters of administration have been duly granted upon the estate of the decedent, and for that purpose such a lien existing at the decedent's death continues for three years and six months thereafter, notwithstanding the previous expiration of ten years from the filing of the judgment roll.　But where the decedent died intestate, and letters of administration upon his estate have not been granted within three years after his death by the surrogate court of the county in which the decedent resided at the time of his death, or if the decedent resided out of the state at the time of his death, and letters testamentary or letters of administration have not been granted within the same time by the surrogate's court of the county in which the property on which the judgment is a lien is situated, such court may grant the decree where it appears that the decedent did not leave any personal property within the state upon which to administer.　In such case the lien of the judgment existing at the decedent's death continues for three years and six months, as aforesaid."

As the learned surrogate points out in his opinion, the order of the county court or the decree of the surrogate permitting an execution cannot be made, nor the execution issued, until the expiration of three years after letters testamentary or letters of administration have been granted.　The words immediately following seem to dispose quite conclusively of the contention here made by the appellant, for they are:

"And for that purpose such a lien existing at the decedent's death continues for three years and six months thereafter, notwithstanding the previous expiration of ten years from the filing of the judgment roll."

Nothing, it seems to us, can be clearer than this.　It follows that the decree appealed from should be affirmed.

Decree of the surrogate of Chautauqua county affirmed, with costs. All concur.

[1]This section relates to the giving of leave to issue execution against a decedent's property.