(7 Misc. Rep. 218.)

### ANDERSON v. PORTER.

(Common Pleas of New York City and County, Special Term.    February, 1894.)

EXECUTION—ISSUANCE—JUDGMENT OF DISTRICT COURT.

Under Code Civ. Proc. §§ 3017, 3220, providing that on filing a transcript of a judgment of a district court of New York city it "is deemed to be" a judgment of common pleas, the lien of such judgment continues for 10 years, and an execution may issue thereon during such time, though an action on the judgment may be barred by limitation.

Action by Charles W. Anderson against George H. Porter.    Plaintiff moves for leave to issue execution on a judgment rendered in his favor.    Granted.

Isaac L. Miller, for plaintiff.

George D, Beattys, for defendant.

PRYOR, J.    On the 3d of December, 1886, the plaintiff recovered a judgment in a district court of this city, and on the same day duly filed a transcript in the office of the county clerk.    Five years having elapsed since entry of the judgment, the plaintiff applies, under section 1377, subd. 2, Code Civ. Proc., for leave to issue execution upon it; and the motion is resisted on the ground that by section 382, subd. 7, Code Civ. Proc., an action on the judgment is barred by the expiration of six years since its rendition.    It is obvious, however, that the enforcement of a judgment by execution is not the legal equivalent of an action upon it, and that, though the remedy by suit be extinct, the right survives, and may be made fruitful by the realization of liens and securities.    Hence, while, by operation of the statute of limitations, the creditor loses the right of action on his judgment, his right to enforce it by execution still subsists in all its plenitude.    Waltermire v. Westover, 14 N. Y. 16; Johnson v. Railroad Co., 54 N. Y. 416, 424; Kincaid v. Richardson, 25 Hun, 237; Rose v. Henry, 37 Hun, 397; Townsend v. Tolhurst, (Sup.) 10 N. Y. Supp. 378; Herder v. Collyer, (Com. Pl. N. Y.) 6 N. Y. Supp. 513; Otten v. Bubbling, 4 Law Bul. 63.

The learned counsel for the defendant urges that the adjudication in Waltermire v. Westover proceeded on the peculiar phraseology of an obsolete statute, and so is of no authority on the point in dispute; but he is mistaken.    The express ratio decidendi in the opinion of the court is the distinction between right and remedy, and the effect of the statute of limitations in barring an action merely, without otherwise impairing the efficacy of the judgment.    Even if this be so, still counsel contends that the doctrine of Waltermire v. Westover is superseded by the later adjudication in Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560.    But obviously, in that case, the question here involved was not agitated; nor "did that case in the slightest degree impair the decision in Waltermire v. Westover." Macomber, J., in Townsend v. Tolhurst, (Sup.) 10 N. Y. Supp. 378, 379. Herrman v. Stalp, (Com. Pl. N. Y.) 6 N. Y. Supp. 514, though not an adjudication of the question in controversy, propounds a dictum

favorable to the defendant's contention; but, as the conclusion of the learned judge is deduced from the assumption that a judgment incapable of supporting an action is ineffectual for an execution, and as he himself had expressly ruled the contrary at the previous term, (Herder v. Collyer, [Com. Pl. N. Y.] 6 N. Y. Supp. 513,) I may, with all respect for his recognized ability, yield my assent to what appears to be the better reason and the weightier authority.

The defendant, again, opposes the application upon the ground that the judgment on which it is sought to issue execution is not, in fact, a judgment of the court of common pleas. What of it? The judgment is "deemed" a judgment of the court of common pleas, and may be enforced accordingly by an execution issued by the county clerk and directed to the sheriff. Code, §§ 3017, 3220. Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560, merely decides that the judgment of a justice docketed in the county clerk's office is not a judgment "rendered" in the county court, within subdivision 7 of section 382 of the Code; but that such a judgment so docketed is a judgment of the county court for all the purposes of enforcement by execution is plain upon the terms of the statute, and is settled by authoritative adjudication. Townsend v. Tolhurst, (Sup.) 10 N. Y. Supp. 378; Baldwin v. Roberts, 30 Hun, 163; Lyon v. Manly, 10 Abb. Pr. 337; In re Gates' Estate, (Sup.) 21 N. Y. Supp. 576; and cases supra. In re Phelps, 6 Misc. Rep. 397, 26 N. Y. Supp. 774, is apparently contra; but the argument of the opinion is too artificial and inconclusive to satisfy the understanding.

The judgment being still alive and operative, and the statute of limitations opposing no obstacle to its enforcement by execution, the manifest dictate of justice is that the plaintiff should have the only process available to him for the satisfaction of his debt. Application granted, with costs.