RAPHAEL v. MENCKE et al.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

EXECUTION—ISSUANCE.

     Where a district court judgment was filed even before the amendment, in 1894, of Code Civ. Proc. §§ 376, 382, 3017, in the county clerk's office, within six years from its rendition, leave may be granted, under section 1377, to issue execution upon it, even after the lapse of the six years, for the former statute of limitations with regard to such judgments merely took away the right of action upon it after six years, but did not raise a presumption of payment.

Appeal from special term.

Action by Abraham Raphael against Abraham Mencke and others. From an order granting a motion for leave to issue execution on a judgment, defendant Mencke appeals. Affirmed.

The judgment was recovered in the district court of the city of New York upon the 21st of March, 1887. No execution was ever issued upon it. The judgment was docketed in the office of the county clerk of New York county on the 4th of June, 1892. Thereupon the plaintiff moved for leave to issue execution upon the judgment, under section 1377 of the Code of Civil Procedure. The motion was granted.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

William J. Walsh, for appellant.
David E. Grossman, for respondent.

BARRETT, J. The weight of authority favors the conclusion that, although, prior to the act of 1894 (chapter 307), an action upon a justice's judgment could not be commenced after the expiration of six years from its rendition (Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560), yet, upon the filing with the county clerk, within that period, of a transcript of such judgment, it might be enforced by execution (Waltermire v. Westover, 14 N. Y. 16; Kincaid v. Richardson, 9 Abb. N. C. 315; Townsend v. Tolhurst, 57 Hun, 40, 10 N. Y. Supp. 378; Bolt v. Hauser, 57 Hun, 567, 11 N. Y. Supp. 366, 368; Green v. Hauser [Super. Buff.] 9 N. Y. Supp. 660; Anderson v. Porter, 7 Misc. Rep. 218, 27 N. Y. Supp. 646; Coleman v. Burr, 25 Hun, 239; Rose v. Henry, 37 Hun, 397; Herder v. Collyer [Com. Pl.] 6 N. Y. Supp. 513; In re Gates' Estate [Sup.] 21 N. Y. Supp. 576). It was held in Waltermire v. Westover, supra, that the statute of limitations with regard to such judgments related solely to the remedy, and not to the right. The rule is different with regard to the judgment of a court of record. There it was, and still is, expressly provided (Code Civ. Proc. § 376) that such judgment is presumed to be paid and satisfied after the expiration of 20 years from the time when the party recovering it was entitled to a mandate to enforce it. Prior to 1894 no such provision was made with regard to the judgments of courts not of record. As to such judgments, it was simply provided that an action thereupon must be commenced within six years. Thus, in the one case there was a presumption of payment, which went to the right; in the other, merely the deprivation of a particular remedy. The appellant here says that this view gives to a justice's judgment practically longer life than to the judgment of a court of record. A similar criticism was formerly made in cases where the right to issue execution upon a justice's judgment after six years was denied. In re Phelps, 6 Misc. Rep. 397, 26 N. Y. Supp. 774; Herrmann v. Stalp (Com. Pl.) 6 N. Y. Supp. 514. It was probably because of this criticism, and undoubtedly to settle the question, that chapter 307 of the Laws of 1894 (amending sections 376, 382, and 3017 of the Code of Civil Procedure) was enacted. By these amendments, all conflict of authority upon the subject is set at rest; and now, upon the filing within 6 years of a transcript of a justice's judgment, the 20-years statute of limitation, with its presumption of payment, applies to such judgment the same as to judgments of courts of record. The case of Dieffenbach v. Roch, supra, does not overrule or conflict with the rule laid down in Waltermire v. Westover, supra. That rule has since been followed and applied to cases arising under the Code of Procedure and the Code of Civil Procedure, and we do not find that its applicability has been questioned except in the two cases to which we have referred. The weight of reason as well as of authority is contrary to the view taken in these two cases; and we think that the only remedy which the plaintiff lost upon the expiration of six years from the date of the recovery of his judgment was a right of action thereupon.

It follows that the order of the special term granting the plaintiff leave to issue execution upon the judgment was right, and should be affirmed, with $10 costs and the disbursements of the appeal. All concur.