DANZILO v. DANZILO.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT—LIEN—SUSPENSION—AUTHORITY OF COURT.

Code Civ. Proc. § 1256, provides that where an appeal from a judgment has been perfected, the court in which judgment was rendered may suspend the lien of the judgment. Section 1257 provides that if the order be made by a court other than the Supreme Court or a county court, it operates as a suspension from the time an entry is made in the docket of the clerk of the county, while section 1258 requires the county clerk in whose office a judgment is docketed to file a transcript and make an entry upon the docket of the suspension. Section 3347, subd. 8, relating to the application of such provisions, does not except the Municipal Court. Municipal Court Act (Laws 1902, c. 580), § 263, provides that to become a lien upon real estate, a transcript of a judgment of a Municipal Court must be filed with the county clerk. Section 260 declares that such transcript cannot be filed pending the return of execution from the Municipal Court, and that after transcript is filed, execution can issue only from the county clerk, but section 261 declares that the Municipal Court shall have the power to vacate or modify its judgments, notwithstanding the filing of the transcript. *Held*, that though no execution could be issued in the Municipal Court after the filing of a transcript, the lien of a judgment could be suspended only by the Municipal Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Special Term, Kings County.

Action by Frank P. Danzilo against James C. Danzilo. From an order of the Special Term, suspending the lien of a judgment on appeal, plaintiff appeals. Order reversed.

———

Argued before BURR, THOMAS, CARR, RICH, and STAPLE-TON, JJ.

John L. Danzilo, of Brooklyn, for appellant.
James C. Danzilo, of Brooklyn, for respondent.

THOMAS, J. The plaintiff recovered against defendant a judgment in the Municipal Court in the borough of Brooklyn in May, 1914, and a transcript thereof was filed with the county clerk of the county of Kings on May 11th, and at a date not given the defendant appealed to the Appellate Term. The Supreme Court has suspended the lien pending the appeal. The question is whether the power to suspend the lien is in that court, and, if not, whether it is in the Municipal Court, which, notwithstanding the transcript filed, retains the power under section 261 of the Municipal Court Act to vacate, set aside or modify the judgment. That section, however, provides that after transcript filed "the judgment is deemed a judgment of the Supreme Court and may be enforced accordingly." The appellant urges against the power of the Supreme Court to act: (1) That the lien cannot be suspended until the appeal is perfected (Code of Civil Procedure, § 1256), and that only a notice of appeal with a bond had been served; (2) that only "the court where the judgment was recovered" may suspend the lien (Code of Civil Procedure, § 1256), and that the judgment is not recovered in the Supreme Court by virtue of transcript filed (Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829, construing section 3017 of the Code of Civil Procedure); that the order suspending the lien "must direct the clerk in whose office the judgment roll is filed" to make an entry on the docket of the judgment, and that the judgment roll is filed in the Municipal and not in the Supreme Court. The judgment became a lien on real estate only after transcript filed with the county clerk (Municipal Court Act, § 263), which cannot be done pending return of execution from the Municipal Court, and after transcript filed execution can issue only from the county clerk (Municipal Court Act, § 260). The judgment after transcript filed is that of the Supreme Court and not that of the Municipal Court; the judgment in the Municipal Court is not a lien on land, and the lien arises only upon filing the transcript. Can the Municipal Court, then, suspend the lien, which does not exist by virtue of its creation, and is foreign to its control? On the other hand, the judgment enables only the court that rendered the judgment to suspend the lien and the clerk in the office where the judgment roll is filed to note the suspension. Section 261, Municipal Court Act, clearly distinguishes the court in which the judgment was rendered, and section 1256 enables that court only to suspend the lien. To sustain the order that section must be refashioned and words eliminated that are there and words interpolated that are not there, and I am not disposed to take such liberty with it. The language would enable the Municipal Court to suspend the lien, although the lien arises in another court. Section 3347 (Code of Civil Procedure), subdivision 8, does not exclude from Municipal Courts the application of section 1256, Code of Civil Proce-

dure, and sections 1257–1259, Code of Civil Procedure, indicate that it has the power. Section 1259 requires the clerk in whose office the judgment of affirmance is entered, in this case the Municipal Court, to docket anew the judgment of affirmance and write upon the new docket "Lien restored by redocket," and that a transcript of the new docket be furnished to the county clerk, "in whose office an entry of the suspension of the lien has been made, as prescribed in the last two sections; and thereupon the judgment must be docketed by him anew." Looking back to section 1257, it is found that if:

"The order [of suspension] was made by a court, other than the Supreme Court or a County Court; the order operates as a suspension, from the time, when the proper entry is made in the docket book, kept by the clerk of that county, as prescribed in the next section."

The next section (1258) provides that the clerk with whom the order is entered must furnish—

"one or more transcripts, * * * of the docket of the judgment, including the entry made upon the docket," and a county clerk where the judgment is docketed must file the transcript and enter upon the docket of the judgment where it appears on his docket book 'Lien suspended' * * * according to the entry upon the original docket, and also, 'See transcript filed.' "

I understand by this that if a court other than the Supreme or County Court make the order, a transcript with a note of the suspension may be filed with a county clerk, who shall note the suspension wherever there is an entry of a docket of the judgment on his docket book, and that by section 1259 the clerk where the judgment of affirmance is entered shall docket the judgment anew with the words, "Lien restored by redocket," and that a transcript of the new docket furnished to a county clerk shall be redocketed accordingly. This procedure seems to enable the Municipal Court to suspend the lien, and restore it on affirmance and to issue transcripts to a county clerk accordingly. In any case, the Supreme Court is not enabled to suspend the lien, and the order should be reversed, with $10 costs and disbursements, and the motion denied. All concur.