By the Court, Jones, J.
The only question presented for consideration and decision in this case is: Can adpromissor, after the right of action upon his promissory note has become barred by the statute of limitations, bring an action to recover from his promisee a pledge which was pledged as security for the payment of such note, without either actual payment, or tender of payment of such note?
To enable the plaintiff to recover in this action, the above question must be answered in the affirmative. It, therefore,' devolves on the plaintiff to convince the court that an affirmative answer must be given to the question.
The plaintiff’s sole argument in support of the affirmative of the question, put in syllogistic form, is: After extinguishment of the principal debt, a creditor has no right to retain collaterals pledged for its payment; in this case, by expiration of the statute of limitations, the principal debt is extinguished; therefore, the creditors (the defendants) *163 have no right to retain the collaterals which were pledged for its payment. This is a perfect syllogism, and if both the premises are correct, the result claimed is inevitable. The difficulty, however, is as to the correctness of the minor premise. Is the principal debt extinguished by operation of the statute of limitations ? The plaintiff says it is; the defendants say it is not. This presents the precise and only point for decision.
The Revised Statutes contained the following provision, (part 3, eh. 4, title 2, article 2:)
“ Section 18. The following actions shall be commenced within six years next after the causes of such action accrued, and not after:
1. All actions of debt, founded upon any contract, obligation or liability, not under seal, except such as are brought upon the judgment or decree of some court of record of the United States, or of this or some other state.
2. All actions upon judgments rendered in any court not being a court of record.
4. All actions of account, assumpsit, or on the case, founded on any contract or liability, express or implied.”
The provisions of the Code (by which provisions this action is to be governed) are:
“ Section 74. Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, except * *
“ Section 89. The periods prescribed in section 74 for the commencement of actions other than for the recovery of real property, shall be as follows :
******
Section 91. Within six years.
1. An action upon a contract, obligation or liability, express or implied, except those mentioned in section 90.”
The eases provided for in section 90 are causes of action arising on judgments or decrees of courts within the United States, and upon sealed instruments. Although there is some slight difference in the phraseology, yet the provisions *164 of the Code are substantially the same as those of the Revised Statutes.
The question .presented, then, is this: Is a debt arising on an express obligation, not under seal, and not being a judgment or decree of a court within the United States, extinguished by force of the above provisions of the Code, by reason of an action not having been brought on the obligation, for the recovery of the debt,- within six years after the cause of action accrued ? It seems to me that this question must be answered in the negative, upon the authority of Waltermire v. Westover, (14 N. Y. Rep. 16.) In that case the action was ejectment. The plaintiff claimed the premises under a purchase made by him at a sheriff’s sale, under a judgment recovered December 15,1847, against one Robert Westover. The defendant claimed, under a purchase made by one through whom he claimed title, at a sheriff’s sale, under a judgment recovered against said Robert Westover, on the 25th of July, 1837. The latter judgment was recovered before a justice of the peace, and on the 27th of July, 1837, a transcript of it was filed, and the judgment docketed, in the office of the clerk of the county where the premises in question were situated. On the 12th of July, 1844, the premises were sold, under the judgment, to a person through whom the defendant claimed title. On the trial, these facts appearing, the plaintiff ’s counsel claimed that, inasmuch as the judgment rendered by the justice was more than six years old, and barred by the statute of limitations, and of no validity, the sale by the. sheriff, under the execution issued on such judgment, and the conveyance by the sheriff to the purchaser, passed no title. The court ruled otherwise, and ordered a verdict for the defendant. Judgment was entered on the verdict in favor of the "defendant, and affirmed at general term. An appeal was taken to the Court of Appeals. Two of the points urged in the Court of Appeals, by the appellant’s counsel, were, that it would be anomalous to allow a judgment to be enforced by execution, after *165 the party had" lost "all right to maintain debt or scire facias on it, and that the judgment, .being lifeless at the time of the sale, the execution was equally so. The Court of Appeals decided, first, that the statute could only be held to reach and subvert the remedy by execution, by holding that the debt itself was discharged, or by interpolating language not expressly, or by fair implication, contained in the statute; and, secondly, that the debt itself was not discharged, and that there was no warrant for interpolating in the statute language, not expressly, nor by any fair implication, contained therein. The judgment in favor of the defendant was therefore affirmed. '
It will be seen that, in this case, the question whether the debt itself is discharged by reason of the operation of the statute of limitations, arose upon the second subdivision of section 18 of article 2d, of title 2 of chapter 4, part 3, of the Revised Statutes. As, however, the language of the section which prescribes the limitation, applies as well to the first and fourth subdivisions as to the second subdivision, and, as the language of sections 74, 89 and 91 of the Code (under which sections, it is claimed, that the debt in the case at bar is extinguished) is substantially the same as that of said section 18 of the Revised Statutes, and the first and fourth subdivisions thereof, it follows that- the case of Waltermire V. Westover is a direct adjudication against the proposition that the debt in the case at bar is extinguished by the operation of the statute of limitations.
The minor premise of the plaintiff’s syllogism is, therefore, untrue, and, consequently, the conclusion which would follow if it were true, does not result.
The judgment should be affirmed, with costs.
Barbour, J. concurred.