## In the Matter of the Estate of IRA L. GATES, Dec'd.

*(Surrogate's Court, Chautauqua County, Filed March 9, 1892.)*

JUDGMENT—LIEN OF JUSTICE'S JUDGMENT FILED IN OFFICE OF COUNTY CLERK
—CODE CIV. PRO., § 1380.

James Matteson recovered a judgment against the decedent before a justice of the peace of Chautauqua County, which was docketed in the county clerk's office on transcript filed July 3, 1878, and such judgment thereupon became a lien on land of decedent, who died intestate December 13, 1884, leaving no personal property to pay the judgment. The judgment creditor petitioned the Surrogate's Court for leave to issue execution and sell the lands. Opposed by Hiram Putnam, subsequent mortgagee of same lands, claiming the judgment outlawed, and the lien thereof extinguished by lapse of time. Letters of administration were issued upon the estate of decedent September 13, 1888, and the administrator was duly discharged January 4, 1890. *Held*, that although the judgment was outlawed, and more than ten years had elapsed after docketing thereof, yet in this case, under section 1380 of the Code, the lien thereof was continued three years and six months from issuing letters of administration; that the meaning of the word "*thereafter*," as used in the third sentence of said section, relates back to the issuing of letters of administration and not to *date* of decedent's death.

Application for decree to issue execution to sell lands of decedent.

George H. Frost, for Matteson, the judgment creditor; M. M. Allen and J. G. Record, for Putnam, subsequent mortgagee.

SHERMAN, S.—Judgment for $184.54 was duly recovered June 25, 1878, in favor of James Matteson against the decedent, Ira L. Gates, before a justice of the peace of Chautauqua County, on which a transcript was duly made by such justice and filed, and judgment duly entered and docketed thereon for $185.29 in the clerk's office of said county on July 3rd of same year. No part of the judgment has been paid, or execution issued to collect it, and same thereupon became a lien on the lands of the decedent described in the petition herein. Soon thereafter the said Ira L. Gates gave a mortgage for $1,000 on

same lands, which was duly recorded, to said Hiram Putnam, which remains unpaid.

The decedent, on December 13, 1884, being six years and five months after the judgment was docketed, died intestate, leaving no personal property to pay the judgment or other debts owing by him at his decease. An administrator was duly appointed of his estate on September 13, 1888, who settled the estate as such, and was duly discharged January 4, 1890. The order granting leave herein to issue execution being made March 9, 1892, and execution issued to sell said lands only a few days less than three years and six months after granting the letters of administration.

It was claimed by the learned counsel for the mortgagee on the trial herein, and denied by the petitioner, that the judgment was outlawed. The petitioner claimed that the lien of judgment would not expire until March 13, 1892, being three years and six months after letters of administration were granted. The mortgagee claimed that such lien expired June 13, 1888, being three years and six months from death of intestate on December 13, 1884.

The important question in this case arises on construction to be given to the meaning of the word *"thereafter"* in the third sentence of section 1380 of the Code, whether, in the connection used, it means three years and six months after letters of administration were issued, or same length of time after death of decedent. If the latter, the lien had already expired; if the former, it has not.

Such section reads as follows:

"Section 1380. After the expiration of one year from the death of a party against whom a final judgment for a sum of money, or directing the payment of a sum of money is rendered, the judgment may be enforced by execution against any property upon which it is a lien, with like effect as if the judgment debtor was still living. But such an execution shall not be issued unless an order granting leave to issue it is procured from the court from which the execution is to be issued, and a

decree to the same effect is procured from a Surrogate s Court of this State, which has duly granted letters testamentary, or letters of administration, upon the estate of the deceased judg-ment debtor. Where the lien of the judgment was created as prescribed in section twelve hundred and fifty-one of this act, neither the order nor the decree can be made until the expira-tion of three years after letters testamentary or letters of ad-ministration have been duly granted upon the estate of the decedent, and for that purpose such a lien existing at the dece-dent's death continues for three years and six months thereafter, notwithstanding the previous expiration of ten years from the filing of the judgment roll. But where the decedent died in-testate, and letters of administration upon his estate have not been granted within three years after his death by the Surro-gate's Court of the county in which the decedent resided at the time of his death, or if the decedent resided out of the State at the time of his death, and letters testamentary or letters of administration have not been granted within the same time by the Surrogate's Court of the county in which the property on which the judgment is a lien is situated, such court may grant the decree where it appears that the decedent did not leave any personal property within the State upon which to administer. In such case the lien of the judgment existing at the decedent's death continues for three years and six months as aforesaid. But this section shall not apply to real estate which shall have been conveyed, or hereafter may be conveyed, by the deceased judgment debtor during his lifetime, if such conveyance was made in fraud of his creditors, or any of them, and any judg-ment creditor of said deceased, against whose judgment said conveyance shall have been, or may hereafter be, declared fraud-ulent by the judgment and decree of any court of competent jurisdiction, may enforce his said judgment against such real property, with like effect as if the judgment debtor was living; and it shall not be necessary to obtain the leave of any court or officer to issue such execution, and the same may be issued at

4

any time to the sheriff of the county where such property is or may be situated. The person issuing such execution, however, shall annex thereto a description of the real estate against which the same is sought to be enforced as aforesaid, and shall endorse on said execution the words 'issued under section thirteen hundred and eighty of the Code of Civil Procedure,' whereupon said sheriff shall enforce said execution as therein directed against the property so described, and not against any other property, either real or personal, and all provisions of law relating to the sale and conveyance of real estate on execution and the redemption thereof shall apply thereto." ·

By the first part of the third sentence of above section the order of the County Court or decree of surrogate cannot be made nor execution issued until the expiration of three years after letters testamentary or of administration have been granted. And immediately following in the same sentence are these words, "and for *that purpose* such a lien existing at the decedent's death continues for three years and six months *'thereafter,'* notwithstanding the previous expiration of ten years from the filing of the judgment roll."

These provisions were undoubtedly made to enable the administrator or executor to make an inventory of the personal property, and ascertain whether the judgment or any part thereof could be paid or satisfied from the personal property. And it is quite clear that words, "existing at the decedent's death," are here used only as qualifying words as to the time such lien must commence, and not otherwise in any way affecting the limitation of the time from three years and six months from granting of letters. This view is confirmed by the remaining sentences of said section 1380, providing for cases in which, under the circumstances therein named, leave to issue execution may be granted, where letters have been issued, and limiting the last sentence of such section as follows: "in such case the lien of the judgment existing at the decedent's death continues for three years and six months *as aforesaid.*"

There is no time limited by the Code or practice in which

letters of administration may be issued after the decedent's death. If not issued in three years after such death, they may be issued thereafter upon the petition of any creditor, next of kin or other person interested in the estate contingently or otherwise.

Bearing in mind that no order for leave to issue execution can be made under section 1380 in less than three years after letters testamentary or of administration have been granted and such leave is obtained by section 1381 of Code, which expressly provides that notice of application for leave to issue execution *"must* be given to the *executor* or *administrator."*

Suppose the next of kin or creditors neglect to obtain such letters, as in this case, until about the time or after the three years and six months have expired from the death of decedent, instead of same time after letters have issued, the latter time dating from issuing of letters is wisely provided for in the construction of the word *"thereafter,"* as claimed by the petitioner, so as to give reasonable time to examine the condition of the personal estate and make an inventory absolutely necessary to ascertain the value of the personal property that may be applied in payment of the judgment or some part thereof, whereas in the former case no such remedy would exist.

If the meaning of the word "thereafter" is as claimed by the mortgagee as used in section 1380, why should the words *"as aforesaid"* have been used at the close of the last sentence of said section in place of the word "thereafter," so the sentence would read, "In such case the lien of the judgment existing at the decedent's death continued three years and six months thereafter," instead of *"as aforesaid,"* and thereby giving such sentence a meaning as claimed by the mortgagee.

The question is new, and I have been unable to find any authority bearing upon it except the decision of the learned county judge of Chautauqua County, granting an order a few days since in this case upon the same facts as herein, for leave to issue an execution to collect the judgment in question by sale of said land.

I do not think that the case of Platt v. Platt, 15 St. Rep. 217, cited by the counsel for the mortgagee, is in point, as the precise question here involved was not in it.

The following authorities were cited by counsel as bearing upon the questions raised: Townsend v. Tolhurst, 32 St. Rep. 21, and cases therein cited; Code, secs. 1251, 1377, 1381, 1379 and 3017; Matter of Holmes, 36 St. Rep. 535; Waltermire v. Westover, 14 N. Y. 16.

I direct decree for leave to issue execution to sell the land as prayed for in the petition.

(Note.—Affirmed by General Term, 50 St. Rep. 275.)