## SUPREME COURT.

EDWARD D. LYON, respondent, agt. CHANDLER MANLY, appellant.

A *judgment* rendered before a *justice of the peace*, after the filing and docketing of a transcript thereof in the county clerk's office, becomes a judgment *of the county court;* and, by § 71 of the Code, an action will not lie upon it *without leave of the county court.*

Where the *answer* in such an action sets up this objection specifically, the point will be considered sufficiently raised in the court below to sustain the appeal, without a more formal exception on the trial.

*Monroe General Term, March,* 1859.
T. R. STRONG, JOHNSON, and E. DARWIN SMITH, Justices.
APPEAL from a judgment.

H. R. SELDEN, *for appellant.*
H. J. THOMAS, *for respondent.*

By the court—T. R. STRONG, Justice. This action originated in a justice's court. The complaint sets forth the recovery of a judgment by the plaintiff against the defendant, in a court held before a justice of the peace in and for the county of Orleans, the filing of a transcript and the docketing thereof in the office of the clerk of said county, and demands a judgment for the amount due on the judgment so recovered, with interest. The answer is, among other things, that "the plaintiff cannot maintain an action upon the judgment set out in the complaint, for this reason—that, under the provisions of the Code, no action can be maintained on a judgment of the county court." On the day to which the trial of the cause was last adjourned, the parties appeared before the justice, and the defendant applied for a further adjournment, which was denied, when the plaintiff proved the judgment on which the action was brought, and the filing of a transcript, and then

rested. No evidence was introduced, or question raised, by the defendant at the trial.

It is now made a point by the appellant, that the judgment which is the subject of the action, upon the filing and docketing the transcript, became a judgment of the county court, and therefore that, under § 71 of the Code, the action would not lie without proof that leave had been obtained from the county court to bring the action. That section provides, that "no action shall be brought upon a judgment rendered in any court of this state, except a court of justice of the peace, between the same parties, without leave of the court for good cause shown, on notice to the adverse party," &c.

The respondent insists that this point was not made in the court below, and that the appellant is, for that reason, precluded from making it here. We think the question is substantially presented by the answer. The answer is, in substance, that the judgment set forth in the complaint is a judgment of the county court, and that for that reason, under the provisions of the Code, the action would not lie. The only provisions of the Code, relating to the subject of actions on judgments, are those contained in § 71 referred to—so much of which as is applicable to this case is above recited. The plaintiff must have understood the answer to mean, that, under the first clause of that section, this action on the judgment would not lie, because the judgment was a judgment of the county court. The only obstacle to the action there could be under that section, taking that view of the judgment, was, that leave of the county court to bring the action had not been given, as in that section required. It was not claimed in the complaint that such leave had been obtained, and the answer obviously pointed, and must have been understood to refer, to that defect in the case. Undoubtedly, the objection might have been much more plainly expressed; but it was sufficient if, as we think it did, it called the attention of the plaintiff to the necessity of previous leave of the county court to warrant the action.

Upon the merits, we are satisfied that the position of the

appellant, that the judgment was a judgment of the county court after the filing and docketing of the transcript, and that by § 71 of the Code an action would not lie upon it without leave of that court, is sound. When the judgment was rendered, and the transcript filed and docketed, § 56 of the Code of 1848 was in force, and provided, that "a justice of the peace, on the demand of a party in whose favor he shall have rendered a judgment, shall give a transcript thereof, which may be filed and docketed in the office of the clerk of the county where the judgment was rendered. The time of the receipt of the transcript by the clerk shall be noted thereon, and entered in the docket, and from that time the judgment shall have the same effect as a lien, and be enforced in the same manner as a judgment of the county court," &c. In 1849, the section was amended by striking out that part of the section relating to the effect of the judgment as a lien, and the manner of enforcing it, and substituting therefor the words, "shall be a judgment of the county court." (*See* § 63 *of the present Code.*) This change of phraseology does not, we think, change the substance of the provision so far as the question in this case is concerned. If the amendment had not been made, the case would be within § 71, and, if so, there can be no doubt of the validity of the amendment in reference to this judgment, if otherwise such doubt might be entertained. The new matter must be regarded as law only from the time it was introduced (*Ely* agt. *Holton*, 15 *N. Y. R.* 595); but if it is substantially the same as the old matter superseded by it, the power of the legislature to make the change, and that the provision as it stands is applicable to cases of judgments of which transcripts were filed and docketed before the change, as to those which are subsequent, is clear.

Ample provision was made by § 56 of the Code of 1848, as by § 73 of the Code in its present form, for enforcing justices' judgments, where transcripts were filed and docketed, in any county in the state; and every reason which existed for prohibiting actions on judgments of courts of record, without leave, applied to such justices' judgments. No

action upon them, except in special cases could be neces-
sary.

These views require a reversal of the judgment of the county
court, and of the justice.