HEBRON HARRIS, APPELLANT, *v.* ALFRED F. CLARK, RESPONDENT.

*Justice's Court — action on a justice's judgment which has been docketed in the county clerk's office.*

The Code of Civil Procedure (§ 2862, sub. 6) confers upon justices of the peace jurisdiction of an action "upon a judgment rendered in a court of a justice of the peace, * * * being a court not of record." Section 3017 of said Code provides for docketing a transcript of such a judgment, and states that "thenceforth the judgment is deemed a judgment of the County Court of that county and must be enforced accordingly." Section 1913 of said Code makes it necessary to obtain leave of the court to bring an action upon a "judgment for a sum of money rendered in a court of record of this State"

Hebron Harris brought an action in a Justice's Court against Alfred F. Clark upon a judgment obtained by him against Clark in a Justice's Court, on the trial of which action it appeared that the judgment had, by filing a transcript, been docketed in the county clerk's office.

*Held,* that the action was proper.

That the fact that the judgment was docketed in the county clerk's office, and was thereafter to be deemed a judgment of the County Court, did not alter the fact that it was actually rendered in, and remained a judgment of, a Justice's Court, a court not of record, thus bringing the action within the words of section 2862, subdivision 6.

*Dieffenbach* v. *Roch* (112 N. Y., 621) followed.

That section 1913, which was designed to prevent a multiplicity of suits and the accumulation of costs, applied only to courts of record, and that the same result was reached in Justice's Court actions by section 3154 of the Code, which prevents further costs except in certain cases.

APPEAL by the plaintiff Hebron Harris from a judgment of the County Court of Onondaga county, entered in the clerk's office of the county of Onondaga on the 5th day of November, 1891, reversing, with costs, a judgment in favor of the plaintiff for twenty-seven dollars and twenty cents, without costs, rendered by a justice of the peace.

Upon the return of the summons "plaintiff complained on a judgment rendered by and before S. F. BELKNAP, J. P. * * * on the 23d day of June, 1891, for $27.02, damages and costs, in favor of plaintiff herein and against defendant herein, and asks judgment for $27.02, and interest, from June 23, 1891." To that complaint the defendant filed an answer in the following language:

" Defendant for his answer alleges general denial, counter-claim and
payment of $4.00 on the judgment set out as the cause of action in
the complaint. Further, that a transcript of said judgment was
filed in the county clerk's office of Onondaga county on or about
the 13th day of July, 1891; that said judgment then became a judg-
ment of the County Court, and for that reason plaintiff cannot
maintain an action upon the judgment set out in the complaint."
Plaintiff offered in evidence the docket showing the recovery of the
judgment on the 23d day of June, 1891. It is stated in the appeal
book as follows: " Conceded that a transcript of said judgment
was filed in Onondaga county clerk's office July 13th, 1891, at
10.10 A. M." No other evidence was given upon the trial. The
justice, immediately, on the 5th day of August, 1891, rendered a
judgment for twenty-seven dollars and twenty cents damages, giving
no costs to the plaintiff.

*Thomas Hogan,* for the appellant.

*Gill & Stillwell,* for the respondent.

HARDIN, P. J.:

Section 2862 of the Code of Civil Procedure confers upon justices
of the peace jurisdiction of civil actions enumerated, and subdivision
6 thereof is as follows: " 6. An action upon a judgment rendered
in a court of a justice of the peace, or in a district court of the city
of New York, or in a justice's court of a city, being a court not of
record." Presumptively the plaintiff's action "upon a judgment
rendered in a court of a justice of the peace    *    *    *    being a
court not of record," was within the jurisdiction of the justice.
Plaintiff was entitled to bring an action upon such a judgment
within six years from the time it was rendered. (Code Civ. Pro.,
§ 382, sub. 7.) The language of subdivision 7 is as follows : " An
action upon a judgment or decree rendered in a court not of record."

In section 3017 it is provided that a justice of the peace, who
renders a judgment, " must, upon the application of the party in whose
favor the judgment was rendered and payment of the fee therefor,
deliver to him a transcript of the judgment. The county clerk of
the county in which the judgment was rendered must, upon the
presentation of the transcript and payment of the fee therefor,

indorse thereupon the date of its receipt, file it in his office and docket the judgment as of the time of the receipt of the transcript, in the book kept by him for that purpose. * * * Thenceforth the judgment is deemed a judgment of the County Court of that county and must be enforced accordingly."

In *Dieffenbach* v. *Roch* (112 N. Y., 621), construction was given to section 3017, section 382 and section 1913 of the Code, and it was held, "Although under the Code of Civil Procedure (§ 3017), upon the docketing of a justice's judgment in the county clerk's office, it becomes a statutory judgment of the County Court, it is not a judgment 'rendered' in that court, but remains 'a judgment rendered in a court not of record,' within the meaning of the provision of said Code (§ 382), declaring that an action upon such a judgment must be commenced within six years after a 'final judgment was rendered.'" In the course of the opinion it was said: "After a justice's judgment has been docketed in the county clerk's office, it becomes a mere statutory judgment of the County Court. It is not, in fact, a judgment of that court. There has been no judicial action there, and no judgment has been, in fact, entered or rendered. It is simply to be deemed a judgment of that court. Such a judgment has not been twice rendered, once in the Justice's Court and once in the County Court; and as it may be docketed in all the counties of the State, it certainly cannot be deemed to have been rendered in every county where it has been docketed." The prohibition in section 1913 of the Code of Civil Procedure against "an action upon a judgment for a sum of money rendered in a court of record of the State" does not, in terms, relate to a judgment rendered in a Justice's Court. It is insisted in behalf of the respondent, that because a transcript was filed in the clerk's office that the action was upon a judgment "rendered in a court of record of the State," to wit, the County Court of Onondaga county. We think the reasoning and logic used in *Dieffenbach* v. *Roch* (*supra*), are adverse to the contention of the respondent. The cases to which he refers us of *Lyon* v. *Manly* (10 Abb., 337), and *Baldwin* v. *Roberts* (30 Hun, 163), were decided prior to the Dieffenbach case.

Section 3017 differs from section 71 of the Code of 1849, referred to in *Lyon* v. *Manly* (32 Barb., 53 ; S. C., 10 Abb., 337)

In the act of 1849 it is provided in the section that upon filing and docketing, it "shall be a judgment of the County Court."

In section 3017 the provision is, after providing for the docketing of the judgment, as follows: "Thenceforth the judgment is deemed a judgment of the County Court of that county, and must be enforced accordingly."

*Baldwin* v. *Roberts* (30 Hun, 163), seems to have followed *Lyon* v. *Manly* (*supra*).

In *Church* v. *Van Buren* (55 How., 489) it was said that the object of the restriction in section 71, and the same may be said of the restriction in section 1913, "was to prevent a multiplicity of suits and accumulation of costs. The statute was aimed at the evil practice and designed to cut it off and prevent it."

It seems the same object is obtained by the restriction in section 3154 of the Code of Civil Procedure in respect to actions upon a justice's judgment, as that section provides that if such an action shall be brought "within five years after the rendition thereof against a defendant, upon whom the summons was personally served, no costs can be recovered, except," etc.

Our conclusion is that, as the plaintiff's judgment upon which he recovered was not "rendered in a court of record of the State," the restriction in section 1913 of the Code does not apply.

Following the views expressed, the judgment of the County Court reversing the justice's judgment must be reversed and the judgment of the Justice's Court affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment of the County Court reversed and the judgment of the justice affirmed, with costs.