### HARRIS v. STEINER.

(Supreme Court, Appellate Term. February 23, 1900.)

JUDGMENT—RIGHT OF ACTION.

A judgment for a sum of money is a debt of record, and as such may be made the foundation of a new action.

Appeal from municipal court, borough of Manhattan.

Action by Isaac H. Harris against Henry Steiner on a judgment. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Shafer & Levin, for appellant.

I. M. Aron, for respondent.

GIEGERICH, J. The action is upon a judgment obtained by the above-named plaintiff against the above-named defendant in one of the former district courts of the city of New York on the 25th day of July, 1893, for $100.78. The pleadings were oral. The defendant, besides pleading the general issue, set up such judgment in bar. At the trial the judgment in suit was produced and admitted in evidence, and the nonpayment thereof was established by the testimony of a witness called by the plaintiff. The defendant did not produce any proof, and upon the close of the testimony moved to dismiss the complaint on the ground "that, having one judgment, the plaintiff cannot obtain another against the defendant." The justice reserved his decision, and adjourned the case until a subsequent date, for the purpose of enabling counsel to submit briefs. Two days after the time fixed for such submission, judgment was rendered in favor of the defendant, with costs.

We are at a loss to understand upon what authority the decision of the justice is based. None, so far as the record discloses, was cited by him in support of his conclusion, nor has the respondent enlightened us, since the appeal was submitted without argument, and without a brief in his behalf. No rule of law is better settled than that a judgment for a sum certain in money is a debt of record, and as such may be made the foundation of a new action. 11 Enc. Pl. & Prac. 1085. At common law a party had a right of action upon his judgment as soon as it was recovered, which was neither barred nor suspended by the issuing of an execution. Freem.

Judgm. § 432. In Hale v. Angel, 20 Johns. 342, it was held that the common-law right of bringing an action of debt as soon as a judgment is recovered remained unimpaired, and that the statute did not give the action of debt, but is merely explanatory of such right. Smith v. Mumford, ·9 Cow. 26, in which the last-cited case was referred to and followed, is to the same effect. Under the provisions of the Code of Civil Procedure (section 382, subd. 7) an action upon a judgment rendered in a court not of record, except where a transcript is filed ⁊ursuant to section 3017, must be commenced within six years after the rendition thereof; and an examination of the record discloses that this action was brought within the prescribed period. The court below had jurisdiction of the case at bar. Greater New York Charter, § 1364, subd. 6. Leave to sue upon a judgment rendered by a court not of record is no longer necessary, as section 71 of the old Code was repealed by Laws 1880, c. 245. While portions of said section have been incorporated into the Code of Civil Procedure (sections 1913, 3154, 3155), the provisions regarding such leave apply only to judgments of courts of record. After considering every ground which has suggested itself in possible support of the disposition of the case made by the justice (Marvin v. Insurance Co., 85 N. Y. 278, 284; Ferguson v. Gill, 74 Hun, 566, 569, 26 N. Y. Supp. 596), I conclude, for the reasons above stated, that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.