BALDINGER et al. v. TURKOWSKY.

(Supreme Court, Appellate Term. October, 1901.)

1. ACTION ON DISTRICT COURT JUDGMENT—LEAVE TO SUE—NECESSITY.

Leave to sue on a judgment of the district court is unnecessary, though a transcript has been filed in the office of the county clerk.

2. SAME—JURISDICTION OF MUNICIPAL COURTS.

Though, after the transcript of a judgment of the district court has been docketed in the county clerk's office, it is deemed to be a judgment of the supreme court, it still remains a judgment "rendered" in the district court, and the municipal courts have jurisdiction of an action thereon.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Louis Baldinger and another against Fred Turkowsky. Judgment for defendant, and plaintiffs appeal. Reversed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

Jehiel T. Hurd, for appellants.

Joseph Steiner, for respondent.

SCOTT, J. It is well settled that it is not necessary to obtain leave to sue upon a judgment rendered in a district court, even although a transcript has been filed in the office of the county clerk. Harris v. Steiner, 30 Misc. Rep. 624, 62 N. Y. Supp. 752. Municipal courts in this city have jurisdiction of actions founded upon judgments "rendered" in a district court of the city of New York. Code Civ. Proc. §§ 2862, 3215. Although, after the transcript of such a judgment has been docketed in the county clerk's office, it is deemed to be a judgment of the supreme court, it still remains a judgment which has been "rendered" in the district court. Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829. Consequently it is a judgment upon which an action can be brought in the municipal court. The defendant's motion to dismiss was not on the general ground that the plaintiffs had not proved a case, nor upon the ground that it did not appear that the defendant here was the same person against whom the judgment was obtained. Doubtless, if he had moved on either of these grounds, the defect would have been supplied. Not having specified this

74 N.Y.S.—57

supposed defect in the proof as a reason for dismissing the complaint, he must be deemed to have waived it.

Judgment reversed, and new trial granted, with costs to appellants to abide event. All concur.